**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES AUSTIN, ) | CASE NO. 1:21-cv-00922 |
| Petitioner, ) | JUDGE DAVID A. RUIZ |
| v. ) | |
| WARDEN CHARMAINE BRACY, ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Carmen E. Henderson. (R. 27).[1] Petitioner James Austin, *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 4, 2021, raising fourteen grounds for relief. (R. 1). On October 6, 2021, Respondent filed a Return of Writ. (R. 11). On March 3, 2022, after receiving two extensions of time, Petitioner filed the Traverse to the Return. (R. 20).

On February 12, 2024, the Magistrate Judge issued her Report and Recommendation (R&R) that considered each of Petitioner's claims in the petition, and recommended they be dismissed as non-cognizable (grounds one, seven, twelve through fourteen), procedurally defaulted (grounds two through six), or meritless (grounds eight through eleven). (R. 27, PageID# 1754). Petitioner requested and received two separate extensions of time to file objections to the R&R with the Court's second order clearly stating that objections are due no later than June 12, 2024. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–531 (6th Cir.

---

[1] This case was reassigned to Magistrate Judge Henderson on February 15, 2022 with automatic referral pursuant to Local Rule 72.2.

2019). To date, Petitioner has not filed any objections to the Report and Recommendation.

**I. Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court conducts a *de novo* review. Fed. R. Civ. P. 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to Rule 72(b), the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

"In the Sixth Circuit, failure to object constitutes a forfeiture." *Schuster v. Comm'r of Soc. Sec. Admin.*, 2022 WL 219327, at *1 (N.D. Ohio Jan. 25, 2022) (Lioi, J.) (*citing Berkshire*, 928 F.3d at 530 ("We clarify that forfeiture, rather than waiver, is the relevant term here.")); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no

objections are filed"). Here, Petitioner was plainly aware that he was required to object to Report and Recommendation, and even requested two extensions of time to do so, but has not filed any objections.

## II. Conclusion

The Court has carefully reviewed the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein. The Court agrees that all fourteen grounds for relief are either non-cognizable, procedurally defaulted, or meritless. The Magistrate Judge's Report and Recommendation (R. 27) is hereby ADOPTED. The matter is hereby DISMISSED. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Date: September 19, 2024                     s/ *David A. Ruiz*
                                              David A. Ruiz
                                              United States District Judge